ZURICH AMERICAN INSURANCE
COMPANY, Petitioner–
Appellee,

v.

SUPERIOR COURT FOR THE STATE
OF CALIFORNIA, County of Los
Angeles, Respondent,

v.

Watts Industries, Incorporated,
Real Party–Appellant,

Zurich American Insurance Company,
Petitioner–Appellant,

v.

Superior Court for the State of
California, County of Los
Angeles, Respondent,

v.

Watts Industries, Inc. and James Jones
Company, Real Parties–Appellees,

Nos. 02–2754, 02–2835.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 25, 2002.

Decided Sept. 30, 2002.

---

* The third member of the panel, Judge Kanne,     has recused himself.

**418**

Before BAUER, ROVNER, and WILLIAMS, Circuit Judges.

### ORDER

Watts Industries, Inc., appeals from the district court's orders of June 10, June 28, and July 12, 2002, granting in part Zurich's motion for a preliminary injunction and enjoining the California Superior Court and Watts and its attorneys and agents from conducting, participating in, or pursuing further proceedings with respect to (1) Zurich's duty to defend Watts or with respect to any other issues related to the insurance contracts alleged to be at issues in *Rothschild v. Tyco International*, No. 726930 (Cal.Super. Ct. San Diego, filed May 7, 1999), and (2) the scope and duties under the deductible agreements between the parties in *Armenta v. James Jones Co.*, No. BC 173487 (Cal.Super. Ct. Los Angeles, filed June 25, 1997), pending final judgment on the merits of Zurich's Petition to Compel Arbitration. Zurich cross-appeals, arguing that the court erred in denying Zurich's request for an injunction relating to the duty to defend in *Armenta* and to James Jones Company.

On September 9, 2002, the district court issued its final order granting in part Zurich's Petition to Compel Arbitration. Zurich then filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), which is still pending before the district court. We find that, given the pendency of Zurich's Rule 59(e) motion, the September 9 order is not yet final and that these appeals of the temporary injunction are not moot. We further find that the district court's temporary injunction violates the Anti–Injunction Act, 28 U.S.C. § 2283, and therefore REVERSE the injunction. The September 9 order is not before us, and we therefore express no opinion with respect to it.

An opinion will follow.